IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:07CR176

JULIO CESAR PORTILLO-SOSA

**MEMORANDUM OPINION**

Julio Cesar Portillo-Sosa, a federal inmate proceeding pro se, brings this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response, contending that the motion is without merit. Jurisdiction is appropriate pursuant to 28 U.S.C. § 2255.

**I. PROCEDURAL HISTORY**

At a sentencing hearing on October 26, 2007, the Court sentenced Portillo-Sosa to a 71-month term of imprisonment pursuant to his plea of guilty for illegally re-entering the United States after being convicted of an aggravated felony. Portillo-Sosa appealed, arguing that the Court's sentence was procedurally and substantively unreasonable. On September 16, 2008, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence. The Fourth Circuit explained that the Court had "followed the necessary steps in sentencing Portillo-Sosa," and found "no abuse of discretion in [the Court's]

decision to sentence him at the top of the Guidelines range."[1] United States v. Portillo-Sosa, 293 F. App'x 207, 208 (4th Cir. 2008) (No. 07-5075).

On February 2, 2009, the Court received Portillo-Sosa's motion pursuant to 28 U.S.C. § 2255. Portillo-Sosa raises the following claims:

Claim One  "Counsel was ineffective when he failed to object to the fact that the 16-point enhancement for an aggrivated [sic] felony grossly misrepresented [Petitioner's] criminal history."

Claim Two  "Counsel was ineffective when he failed to object to the unwarranted disparity between [Petitioner's] sentence and those of similar defendants because of the lack of the 'fast-track' program in the 4th Cir."

(§ 2255 Mot. 5 (capitalization corrected).) On April 10, 2009, the United States filed a response, arguing that Portillo-Sosa's claims were without merit.  Petitioner has not filed a reply.

## II. PORTILLO-SOSA'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

To succeed on an ineffective assistance of counsel claim, a petitioner must show that counsel's deficient representation prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, Portillo-Sosa must prove that "counsel's representation fell below an objective standard of reasonableness." Id. at 688. The Court's review of counsel's performance must be

---

[1] The Court calculated Portillo-Sosa's recommended sentence according to the 2007 version of the United States Sentencing Guidelines Manual ("USSG").

2

highly deferential, indulging "'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Williams v. Ozmint, 494 F.3d 478, 484 (4th Cir. 2007) (quoting Strickland, 466 U.S. at 689), cert. denied, 128 S. Ct. 1445 (2008). "The defendant (or petitioner) bears the burden of overcoming this presumption." Id. (citing Strickland, 466 U.S. at 689).

Demonstrating prejudice requires a petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Glover v. Miro, 262 F.3d 268, 275 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 694). If a petitioner fails to show either prejudice or deficiency, the Court is not obliged to address the other element. Strickland, 466 U.S. at 697.

In Claim One, Portillo-Sosa claims that counsel rendered ineffective assistance "when he failed to object to the fact that the 16-point enhancement for an aggrivated [sic] felony grossly misrepresented [Portillo-Sosa's] criminal history."[2] (§ 2255 Mot.

---

[2] Portillo-Sosa's argument is somewhat muddled. He appears to refer to USSG § 4A1.3(b)(1), which authorizes a court to depart from the recommended criminal history category when "reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit future crimes." The sixteen-point adjustment to which

3

5 (capitalization corrected).) Portillo-Sosa fails, however, to explain why this is so. Instead, he argues in his supporting brief that counsel should have presented to the Court Portillo-Sosa's "motivations for returning to the United States, (the extreme poverty of the defendant, his lack of family and the level of constant danger due to the ever-present political unrest) in addition to the exact circumstances of his client's previous conviction on a charge of aggrivated [sic] assault." (Br. in Supp. of § 2255 Motion 6.) According to Portillo-Sosa, "any jurist of reason would have been swayed to sentence [him] to a sentence at the lower end of the guideline range" by these arguments. (Br. in Supp. of § 2255 Motion 6.) Portillo-Sosa reasons that counsel's "half-hearted argument . . . . failed to effectively defend [Portillo-Sosa] from a prejudiced court exposing him to the maximum sentence available under the [USSG]." (Br. in Supp. of § 2255 Motion 6.)[3]

To the extent that Portillo-Sosa claims that counsel should have obtained a departure, he has alleged no facts upon which

---

Portillo-Sosa refers was applied to the offense level, not his criminal history score, and reflects the undisputed fact that he illegally reentered the United States after being deported for a crime of violence. USSG § 2L1.2(b)(1)(A)(ii).

[3] Portillo-Sosa also argues that "a more substantial arguement [sic] for leniency based on the recent decisions in Kimbrough and Gall could have resulted in a more realistic view of Portillo-Sosa's situation." (Br. in Supp. of § 2255 Motion 6.) As the Court clearly considered the Sentencing Guidelines to be advisory, this conclusory assertion adds nothing to Petitioner's claim.

4

counsel could have based a successful argument for a departure. Portillo-Sosa does not explain why his criminal history score exaggerates his extensive criminal history,[4] why the exact circumstances of his previous conviction warrant a lesser sentence, or upon what basis counsel could have challenged the sixteen-point offense level adjustment for reentry after deportation for a crime of violence. See Call v. Polk, 454 F. Supp. 2d 475, 499 (W.D.N.C. 2006) ("When a habeas petitioner claims that trial counsel was ineffective without explaining in what manner the performance was lacking, the reviewing court is not obliged to supply the grounds for relief."), aff'd, 254 F. App'x 257 (4th Cir. 2007) (No. 06-27). Portillo-Sosa also fails to identify any other lawful basis for seeking a downward departure.[5] Claim One will be DISMISSED to the extent Portillo-Sosa claims counsel rendered ineffective assistance

---

[4] Portillo-Sosa's criminal history score was calculated at nine, the highest score possible for Criminal History Category IV. The government agreed to omit from consideration an additional conviction for which records could not be obtained. If anything, Portillo-Sosa's criminal history category understates his criminal history.

[5] The USSG specifically prohibit the sentencing court from granting a departure based on national origin, socio-economic status, or disadvantaged upbringing. USSG §§ 5k2.0(d)(1); 5H1.12. Thus, the Court could not have granted a departure on these bases. Additionally, in the absence of any indication that Portillo-Sosa sought and was denied asylum in the United States, and that no other legal option was available, he could not show the sort of truly exceptional situation required for a departure under § 5K2.0(a)(2) due to circumstances not adequately taken into considerations under the guidelines. See USSG § 5K2.0, App. n.3(a)(ii).

in conjunction with the calculation of Portillo-Sosa's advisory guidelines sentencing range or arguing for any departure therefrom.

Portillo-Sosa also claims that counsel could have persuaded the Court to impose a sentence at the lower end of the guidelines range. The Court disagrees. Portillo-Sosa has amassed an extensive criminal history. In imposing a sentence at the high end of the guidelines, the Court explained that Portillo-Sosa had "not benefited from previous extensions of leniency" and "demonstrated that he is a threat to the safety of those around whom he lives." (Sent. Tr. 8.) Indeed, the Court opined immediately before counsel's argument that "a sentence above the guidelines very well would be appropriate." (Sent. Tr. 4-5.) Counsel's frank observation immediately thereafter that "perhaps I'm wasting my breath asking for the low end of the guidelines" established his candor with the Court, and was not clearly outside the bounds of reasonably competent representation. Portillo-Sosa's mere disagreement with this tactic does not serve to rebut the presumption that counsel rendered effective assistance. See Strickland, 466 U.S. at 689 ("There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way."). Moreover, attempting to offer at sentencing excuses for Portillo-Sosa's crimes, especially in the absence of any proof thereof, could have led the Court to deny the three-point

reduction for acceptance of responsibility that Portillo-Sosa received. See USSG, § 3E1.1 n.3 (explaining that evidence of conduct inconsistent with acceptance of responsibility may outweigh entry of plea of guilt and truthful admission of criminal conduct). Portillo-Sosa has not shown that counsel's performance was deficient. Additionally, because the arguments Portillo-Sosa suggests would not have led the Court to impose a lower sentence, he cannot demonstrate prejudice. Claim One will be DISMISSED as it relates to the Court's imposition of a sentence at the high end of the guidelines.

In Claim Two, Portillo-Sosa claims that counsel rendered ineffective assistance by failing to argue for a sentencing variance based on the unavailability to him of a "fast-track" program. The Fourth Circuit has unequivocally held courts may not grant a variance due to sentencing disparities caused by the unavailability of a fast-track program. See United States v. Perez-Pena, 453 F.3d 236, 244 (4th Cir. 2006). Counsel did not render ineffective assistance by failing to make an argument that had no chance of success, and Portillo-Sosa could not have been prejudiced thereby. See Beamon v. United States, 189 F. Supp. 2d 350, 357 (E.D. Va. 2002) (explaining that "there can be no deficient performance or prejudice to the defendant in counsel's failure to argue meritless issues at trial, sentencing, or on appeal"). Claim Two will be DISMISSED. Portillo-Sosa's motion to

vacate, set aside, or correct his sentence will be denied and the action will be DISMISSED WITH PREJUDICE.

The Clerk is directed to send a copy of the Memorandum Opinion to Portillo-Sosa and counsel for the United States.

And it is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January 7, 2009